UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JEROME LOPEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION V-07-95 |
| NATHANIEL QUARTERMAN, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Institutional | § | |
| Division, | § | |
| | § | |
| Respondent. | | |

## ORDER

Petitioner Jerome Lopez' ("Petitioner") Petition for Writ of Habeas Corpus was dismissed for want of prosecution on July 14, 2008, after Petitioner failed to respond to Respondent Nathanial Quarterman's ("Respondent") motion for summary judgment. (Dkt. No. 17.) In its Order of Dismissal, the Court advised Petitioner that, upon a proper showing, the Court would grant relief from the dismissal order in accordance with Federal Rule of Civil Procedure 60(b). (*Id.*)[1] Petitioner has since filed four separate motions, totaling over 80 pages, but has yet to explain why he is entitled to relief under Rule 60(b).

The first of these filings was Petitioner's August 11, 2008 Motion of Continuance of Habeas with Brief in Support (Dkt. No. 18), which the Court described as a "manifesto" in which Petitioner "rambled on for 33 single-spaced, handwritten pages about issues such as 'Transformative Technologies State and Mind,' 'Marxist Leninism Socialism,' 'Naive Optimism of Sloth,' and 'Gnosticism Freemasonry.'" (Dkt. No. 19.) The Court denied

---

1. Pursuant to Rule 60(b), on motion and just terms, the Court may relieve a party from a final judgment, order, or proceeding for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief. FED. R. CIV. P. 60(b).

Petitioner's motion, noting that Petitioner did not request relief under Rule 60(b), nor did he offer any explanation for his failure to respond to Respondent's Motion for Summary Judgment. (*Id.*) Likewise, the Court denied Petitioner's Motion for Bench Warrant and Enter in New Evidence (Dkt. No. 20), filed December 1, 2008, which amounted to an abbreviated version of his earlier Motion for Continuance. (Dkt. No. 21.) The Court noted that "[a]gain, Petitioner has not requested relief under Rule 60(b), nor has he offered any explanation for his failure to respond to Respondent's Motion for Summary Judgment in a timely manner. Moreover, the Court is unable to ascertain what new evidence Petitioner wishes to present." (*Id.*)

Now pending before the Court are Petitioner's third and fourth filings: his Motion of Mandamus to Reverse Dismissal of Habeas Corpus (Dkt. No. 22) and Mandamus to Enter In New Evidence (Dkt. No. 23). For the first time, Petitioner has cited Rule 60(b),[2] but he does not explain why he is entitled to relief under the Rule. Instead, he digresses for another 40 pages on issues such as "Racial Hubris," "Filibustering of Petitioner as a mortal threat as being half-black, half-devil," "National Security," "Mob Caste System Persecution," and "The Catholic Church." (Dkt. Nos. 22 & 23.)

---

2. Specifically, Petitioner contends:

> Rule 60(b) would be an admittance of guilt and a denial of Petitioner's Divine Positive Law Constitutional Guarantees and Human rights as grounds for defense of his innocence. The dismissal of Petitioner's Motion of Continuance of Habeas Corpus With Brief In Support And Dismissal of Petitioner's Motions For Bench Warrant And Enter In  New Evidence was in fact a dismissal of rule 60 based upon a cynical legislation and Arbitrary practice of A political prosecution Anti-terrorism and Death Penalty Act and a prejudiced Summary Judgment based upon contradictions uncertainties and inconsistencies meant to deny legal and factual evidence, factual and sufficient evidence and sound facts and sound reasoning that denies petitioner's due process rights, which amounts to a violations of all habeas corpus rules and procedures and International law.

(Dkt. No. 22 at 2.)

The Court is unable to interpret or otherwise make sense of either of Petitioner's motions. To the extent a request for relief is buried somewhere in Petitioner's ramblings, it is denied as incomprehensible. Or, in the words of the competition judge to Adam Sandler's title character in the movie, "Billy Madison,"

> [W]hat you've just said is one of the most insanely idiotic things I've ever heard. At no point in your rambling, incoherent response was there anything that could even be considered a rational thought. Everyone in this room is now dumber for having listened to it. I award you no points, and may God have mercy on your soul.

BILLY MADISON (Universal Pictures 1995). *See also American Silver LLC v. Emanuel Covenant Communities*, 2007 WL 1468600, *4 n.27 (D. Utah 2007) (quoting same); *In re King*, 2006 WL 581256, *1 n.1 (Bankr. W.D. Tex. 2006) (quoting same and noting that "[d]eciphering motions like the one presented here wastes valuable chamber staff time, and invites this sort of footnote.").

For the foregoing reasons, Petitioner's Motion of Mandamus to Reverse Dismissal of Habeas Corpus (Dkt. No. 22) and Mandamus to Enter In New Evidence (Dkt. No. 23) are **DENIED**. Additionally, the Court admonishes Petitioner from filing further motions seeking reversal of this Court's July 14, 2008 Order of Dismissal (Dkt. No. 17).

It is so ORDERED.

Signed this 11th day of May, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE